# Exhibit 1

**Form 201**
**(Revised 12/21)**

Submit in duplicate to:
Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
512 463-5555

**Filing Fee: $300**



**Certificate of Formation**
**For-Profit Corporation**

This space reserved for office use.

## Article 1 – Entity Name and Type

The filing entity being formed is a for-profit corporation. The name of the entity is:

Texas Undercarriage Corporation

The name must contain the word "corporation," "company," "incorporated," "limited" or an abbreviation of one of these terms.

## Article 2 – Registered Agent and Registered Office
(See instructions. Select and complete either A or B and complete C.)

☐  A.  The initial registered agent is an organization (cannot be entity named above) by the name of:

**OR**

☒  B.  The initial registered agent is an individual resident of the state whose name is set forth below:

| Janis | L. | Scott | |
|-------|-----|-------|--------|
| *First Name* | *M.I.* | *Last Name* | *Suffix* |

C.  The business address of the registered agent and the registered office address is:

| 4611 E. Airline, Suite 202 | Victoria | TX | 77904 |
|-----|-----|-----|-----|
| *Street Address* | *City* | *State* | *Zip Code* |

## Article 3 – Directors
(A minimum of 1 director is required.)

The number of directors constituting the initial board of directors and the names and addresses of the person or persons who are to serve as directors until the first annual meeting of shareholders or until their successors are elected and qualified are as follows:

| Director 1 | | | | | |
|---|---|---|---|---|---|
| Chunyi | | Zhao | | | |
| *First Name* | *M.I.* | *Last Name* | | | *Suffix* |
| Liuwei Road, Wanhai Yuan 3-301 | Hedong District | Tianjin | 300000 | China |
| *Street or Mailing Address* | *City* | *State* | *Zip Code* | *Country* |

| Director 2 | | | | | | |
|---|---|---|---|---|---|---|
| Huiqun | | Zhang | | | | |
| *First Name* | *M.I.* | *Last Name* | | | | *Suffix* |
| 4253 Old Goliad Road | Victoria | | TX | 77905 | | USA |
| *Street or Mailing Address* | *City* | | *State* | *Zip Code* | | *Country* |

| Director 3 | | | | | | |
|---|---|---|---|---|---|---|
| Wenbin | | Zhang | | | | |
| *First Name* | *M.I.* | *Last Name* | | | | *Suffix* |
| Liuwei Road, Wanhai Yuan 3-301 | Hedong District | | Tianjin | 300000 | | China |
| *Street or Mailing Address* | *City* | | *State* | *Zip Code* | | *Country* |

## Article 4 – Authorized Shares

(Provide the number of shares in the space below, then select option A or option B, do not select both.)

The total number of shares the corporation is authorized to issue is:    1,000,000 Class A & 100,000,000 Class B

☒ A. The par value of each of the authorized shares is:    Class A No Par Value, Class B- No par value
**OR**

☒ B. The shares shall have no par value.

If the shares are to be divided into classes, you must set forth the designation of each class, the number of shares of each class, the par value (or statement of no par value), and the preferences, limitations, and relative rights of each class in the space provided for supplemental information on this form.

## Article 5 – Purpose

The purpose for which the corporation is formed is for the transaction of any and all lawful business for which a for-profit corporation may be organized under the Texas Business Organizations Code.

## Initial Mailing Address

(Provide the mailing address to which state franchise tax correspondence should be sent.)

| 4253 Old Goliad Road | Goliad | TX | 77905 | USA |
|---|---|---|---|---|
| *Mailing Address* | *City* | *State* | *Zip Code* | *Country* |

## Supplemental Provisions/Information

Text Area: [The attached addendum, if any, is incorporated herein by reference.]

2

Shares.

The aggregate number of shares that the corporation shall have authority to issue is:

    A.  1,000,000 shares of Class A stock, no Par value per share;

    B.  100,000,000 shares of Class B, no Par value per share.

Series:

The board of directors of the corporation shall have the authority to divide the Class A stock into as many series as it shall from time to time determine. The board of directors shall determine the number of shares comprising each series of Class A stock, which number may, unless otherwise provided by the board of directors in creating such series, be increased from time to time by action of the board of directors. Each series of Class A stock shall be so designated as to distinguish such series from the shares of each other series. All series of Class A stock shall be of equal rank and have the same powers, preferences and rights, and shall be subject to the same qualifications, limitations and restrictions, without distinction between the shares of different series thereof; provided, however, that there may be variations among different series of Class A stock as to dividend rates, prices, terms, conditions of redemption, if any, liquidation rights, and terms and conditions of conversion, if any, which variations may be fixed and determined by the board of directors in their discretion.

Voting:

Except as otherwise required by law, each outstanding Class A share is entitled to one vote per share owned on each matter voted on at a shareholders' meeting. The Class A shareholders shall elect the board of directors who shall control the management and operation of the corporation. A member of the board of directors does not have to be an owner of any shares of stock of the corporation and does not have to be a resident of the State of Texas or of the United States of America.

The Class B shareholders shall not be entitled to any vote for any purpose. Their ownership of Class B stock does not entitle them to any voting rights or management rights.

Preemptive rights:

The corporation elects to have preemptive rights for the shareholders owning stock within each class of stock.

Management:

The Class A shareholders shall elect the board of directors who shall control the management and operation of the corporation. A member of the board of directors does not have to be an owner of any shares of stock of the corporation and does not have to be a resident of the State of Texas or of the United States of America.

**Organizer**

The name and address of the organizer:

Janis L. Scott
_____
*Name*

4611 E Airline Road             Victoria           TX      77904
_____
*Street or Mailing Address*             *City*           *State*   *Zip Code*

**Effectiveness of Filing** (Select either A, B, or C.)

A. ☒ This document becomes effective when the document is filed by the secretary of state.

B. ☐ This document becomes effective at a later date, which is not more than ninety (90) days from

the date of signing. The delayed effective date is: _____

C. ☐ This document takes effect upon the occurrence of a future event or fact, other than the passage of time. The 90th day after the date of signing is: _____

The following event or fact will cause the document to take effect in the manner described below:

<br>

### Execution

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned also affirms that, to the best knowledge of the undersigned, the name provided as the name of the filing entity does not falsely imply an affiliation with a governmental entity. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized to execute the filing instrument.

Date:   September 21, 2022

_____
Signature of organizer

Janis L. Scott
Printed or typed name of organizer

## CONSENT TO SERVE AS REGISTERED AGENT

I, Janis L. Scott., hereby consent to serve as Registered Agent in the State of Texas, for Texas Undercarriage Corporation.

I understand that as the Registered Agent it will be my responsibility to accept and forward service of process and all mail to the Company. In the event of my resignation or of any change in the Registered Office address, I will notify the Secretary of State immediately.

Janis L. Scott, Registered Agent
Date:  September 21, 2022

BYLAWS

OF

TEXAS UNDERCARRIAGE CORPORATION

ARTICLE I

SHAREHOLDERS

Preamble to Shareholders Article I:

*The Corporation shall have multiple classes of stock. Class A Shareholders will have voting rights with regard to election of directors and management of the company. Class B Shareholders shall not have any voting rights whatsoever on any matters involving the Corporation or its operations.*

Shares.

The aggregate number of shares that the corporation shall have authority to issue is:

- A.  1,000,000 shares of Class A stock, no Par value per share.
- B.  100,000,000 shares of Class B, no Par value per share.

With respect to **Class A Shareholders** only, Sections 1.1 through 1.20 shall be applicable:

Section 1.1.    Annual Meeting.  Unless otherwise designated by the board of directors, the annual meeting of the shareholders shall be held on the 2nd Monday of April of each year, at 9:00 a.m. Central Standard Time, for the purpose of electing directors and for the transaction of such other business as may come before the meeting.  If the day fixed for the annual meeting is a legal holiday in the State of Texas, the annual meeting shall be held on the next succeeding business day.  If the election of directors is not be held on the day designated herein as the date for the annual meeting of the shareholders or at any adjournment thereof, the board of directors shall cause the election of directors to occur at a special meeting of the shareholders to be held as soon thereafter as is reasonable.

Section 1.2.    Special Meetings.  Unless otherwise prescribed by statute, special meetings of the shareholders may be called for any purpose or purposes by the president or by the board of directors, and shall be called by the secretary at the written request of any director or holders of not less than ten percent (10%) of all the votes entitled to be cast on any issue proposed to be considered at the meeting demanded.

Section 1.3.    Place of Meeting.  The annual meeting or special meetings of the shareholders may be held at the principal office of the corporation or at such other place within or without the State of Texas as the board of directors may from time to time designate.  If no designation is made for any annual or special meeting of the shareholders, the place of meeting shall be the principal office of the corporation.

Section 1.4.    Notice of Meetings.  Written notice stating the date, time, and place of a meeting of shareholders and, in case of a special meeting of shareholders the purpose or purposes for

which the meeting is called, shall be given to each shareholder entitled to vote at such meeting at least ten (10) days and not more than sixty (60) days before the meeting. Such notice shall be given in one of the following manners: personally, by mail, by telephone, by private carrier, by telegraph, by teletype, by telephone facsimile, or by such other manner as permitted by the Texas Business Corporation Act. Such notice shall be given by the secretary or by the person or persons authorized to call shareholders' meetings. If such written notice is mailed, correctly addressed to the shareholder's address shown in the corporation's current record of shareholders, the notice shall be deemed to have been given to the shareholder at the time of mailing. If such written notice is sent by private carrier or if such written notice is sent by United States mail, postage prepaid and by registered or certified mail, return receipt requested, the notice shall be deemed to have been given to the shareholder on the date shown on the return receipt. If this notice is sent by facsimile, the notice shall be deemed to have been given to the shareholder on the date shown on the facsimile printed delivery notice. If the notice is sent by electronic mail, read receipt requested, the notice shall be deemed to have been given to the shareholder on the date shown on the read receipt. Otherwise notice is effective when received by the shareholder. Notice of any shareholders' meeting may be waived by any shareholder before or after the date and time of the meeting. Such waiver must be in writing, must be signed by the shareholder, and must be delivered to the corporation for inclusion in the minutes or filing with the corporate records.

Section 1.5.    Action by Shareholders Without a Meeting. Any action permitted to be taken at a shareholders' meeting may be taken without a meeting if one or more written consents, setting forth the action so taken, are signed by all the shareholders entitled to vote on the action. A shareholder may withdraw such consent only by delivering a written notice to the corporation prior to the time when all consents have been delivered to the corporation. Any such action taken shall be effective when all consents have been delivered to the corporation, unless the consent specifies a later effective date.

Section 1.6.    Telephone Meetings. Shareholders may participate in a meeting of the shareholders by means of communication by which all persons participating in the meeting can hear each other during the meeting. A shareholder participating in a meeting by this means is deemed to be present in person at the meeting.

Section 1.7.    Closing of Transfer Books or Fixing of Record Date. For the purpose of determining shareholders entitled to notice of or to vote at any meeting of shareholders or any adjournment thereof, or shareholders entitled to receive payment of any distribution, or in order to make a determination of shareholders for any other proper purpose, the board of directors of the corporation may provide that the stock transfer books shall be closed for a stated period, but not to exceed a period of seventy (70) days. If the stock transfer books shall be closed for the purpose of determining shareholders entitled to notice of or to vote at a meeting of shareholders, such books shall be closed for at least ten (10) days immediately preceding such meeting. In lieu of closing the stock transfer books, the board of directors may fix in advance a date as the record date for any such determination of shareholders, such date in any case to be not more than seventy (70) days and, in case of a meeting of shareholders, not less than ten (10) days prior to

PAGE 2 - BYLAWS OF Texas Undercarriage Corporation

the date on which the particular action requiring such determination of shareholders is to be taken. In the case of a shareholder action without a meeting, the record date shall be the date that the first shareholder signs such consent. If the stock transfer books are not closed and no record date is fixed for the determination of shareholders entitled to notice of or to vote at a meeting of shareholders, or shareholders entitled to receive payment of a distribution, the date on which notice of the meeting is sent or the date on which the resolution of the board of directors declaring such distribution is adopted, as the case may be, shall be the record date for such determination of shareholders. When a determination of shareholders entitled to vote at any meeting of shareholders has been made as provided in this section, such determination shall apply to any adjournment thereof unless the board of directors fixes a new record date, which it must do if the meeting is adjourned to a date more than 120 days after the date fixed for the original meeting.

Section 1.8.    Shareholders' List for Meeting. After fixing a record date for a meeting, the corporation shall prepare an alphabetical list of the names of all shareholders on the record date who are entitled to notice of the shareholders' meeting. The list must be arranged by voting group, and within each voting group by series of shares, if any, and show the address of and number of shares held by each shareholder.

The shareholders' list must be available for inspection by any shareholder, beginning five days prior to the meeting and continuing through the meeting, at the corporation's principal office or at the place identified in the meeting notice in the city where the meeting will be held. Subject to applicable law, a shareholder, the shareholder's agent, or the shareholder's attorney is entitled to inspect the list at any time during the meeting or any adjournment.

Section 1.9.    Quorum. A majority of the votes entitled to be cast on a matter by a voting group constitutes a quorum of that voting group for action on that matter. Once a share is represented for any purpose at a meeting, other than solely to object to holding the meeting or transacting business at the meeting, it is deemed present for quorum purposes for the remainder of the meeting and any adjournment of the meeting, unless a new record date is or must be set for that adjourned meeting. If a quorum exists, action on a matter, other than the election of directors, is approved by a voting group if the votes cast within the voting group favoring the action exceed the votes cast within the voting group opposing the action.

Section 1.10.    Proxies. Each shareholder may vote the shareholder's shares in person or by proxy. A shareholder may appoint a proxy to vote or otherwise act for the shareholder by signing an appointment form, either personally or by the shareholder's attorney-in-fact or agent. The appointment of a proxy is effective when received by the secretary or other officer or agent authorized to tabulate votes. A appointment is valid for eleven months unless a longer period is expressly provided in the appointment forms. An appointment of a proxy is revocable by the shareholder unless the appointment is coupled with an interest. No proxy may be effectively revoked until notice in writing of such revocation has been given to the secretary or other officer or agent authorized to tabulate votes.

Section 1.11.   <u>Voting Entitlement of Shares</u>.  Except as otherwise required by law, each outstanding Class A share is entitled to one vote per share owned on each matter voted on at a shareholders' meeting.

Section 1.12.   <u>Voting of Shares by Certain Holders</u>.  Shares standing in the name of another corporation may be voted by that other corporation's president or by proxy appointed by that president, unless some other person, by resolution of its board of directors, shall be appointed to vote such shares.  In such case, such other person is entitled to vote the shares upon production of a certified copy of such resolution.

Section 1.13. Shares held by an administrator, executor, guardian, or conservator may be voted by such person either in person or by proxy, without a transfer of such shares into such person's name.  Shares standing in the name of a trustee may be voted by the trustee either in person or by proxy, but no trustee shall be entitled to vote shares held by the trustee without a transfer of such shares into the trustee's name.

Section 1.14. Shares standing in the name of a receiver may be voted by such receiver, and shares held by or under the control of a receiver may be voted by such receiver without the transfer thereof into the receiver's name if authority so to do be contained in an appropriate order of the court by which such receiver was appointed.

Section 1.15. Where shares are held jointly by three or more fiduciaries, the will of the majority of such fiduciaries shall control the manner of voting or giving of a proxy, unless the instrument or order appointing such fiduciaries otherwise directs.

Section 1.16. A shareholder whose shares are pledged shall be entitled to vote such shares until the shares have been transferred into the name of the pledgee, and thereafter the pledgee shall be entitled to vote the shares so transferred.

Section 1.17. Shares of the corporation's own stock belonging to it shall not be voted, directly or indirectly, at any meeting, and shall not be counted in determining the total number of outstanding shares entitled to vote at any given time.  This does not limit the power of the corporation to vote any of its own shares held by it in a fiduciary capacity.

Section 1.18.  If a shareholder owning Class A stock is in anyway unable or unwilling to continue to hold and maintain his, her or it's shares, and desires to sell or liquidate some or all of their Class A stock,  the option of buying said shares must first be presented to  the other existing owners of Class A stock for purchase. The price of each share to be sold shall be calculated by whichever of the following methods produces the highest price:

      A)     1.5X annual revenue, less debt, divided by the total number of shares; or
      B)     15X annual profit, less debt, divided by the total number of shares; or
      C)     The value of total assets of the Corporation, less debt, divided by the total number of shares;
           all as shown by the books and records of the Corporation.

Section 1.19. The initial shareholders are *Chunyi Zhao who shall own 20% of the Class A Stock issued* at the time the stock is first issued and *Huiqun Zhang who shall own 80% of the Class A Stock issued* at the time the stock is first issued.

Section 1.20. Series:
The board of directors of the corporation shall have the authority to divide the Class A stock into as many series as it shall from time to time determine. The board of directors shall determine the number of shares comprising each series of Class A stock, which number may, unless otherwise provided by the board of directors in creating such series, be increased from time to time by action of the board of directors. Each series of Class A stock shall be so designated as to distinguish such series from the shares of each other series. All series of Class A stock shall be of equal rank and have the same powers, preferences and rights, and shall be subject to the same qualifications, limitations and restrictions, without distinction between the shares of different series thereof; provided, however, that there may be variations among different series of Class A stock as to dividend rates, prices, terms, conditions of redemption, if any, liquidation rights, and terms and conditions of conversion, if any, which variations may be fixed and determined by the board of directors in their discretion.

With respect to **Class B shareholders** only, 1.21 through 1.22 shall be applicable.

Section 1.21. Voting:
1.      Except as otherwise provided herein and as long as there are shares of Class A stock outstanding, each holder of Class A stock shall have one vote for each share held of record on all matters submitted for shareholder approval. As long as there are shares of Class A stock issued and outstanding, the number of directors elected to the board of directors by the holders of Class A stock, voting as a class, shall be no less than One (1) and no more than Seven (7). At each election for directors, the holders of Class A shares shall be entitled to cast votes using the cumulative method of voting for directors.
2.      The Class B shareholders shall *not* be entitled to any vote for any purpose. Their ownership of Class B stock does not entitle them to any voting rights or management rights.
3.      A director may be removed only by a majority vote of the holders of Class A stock.
Section 1.22.   Except as otherwise specified herein, the holders of Class A stock and the holders of Class B stock shall be treated as a single class with the holders of each class entitled to distributions based on a per share basis, be it Class B or Class A.

Preemptive rights regarding all classes of stock:
The corporation elects to have preemptive rights for the shareholders owning stock within each class of stock.

## ARTICLE II

## BOARD OF DIRECTORS

Section 2.1.    General Powers.  All corporate powers shall be exercised by or under the authority of, and the business and affairs of the corporation managed under the direction of, the board of directors. *The initial directors of the corporation are Wenbin Zhang, Chunyi Zhao and Huiqun Zhang.*

Section 2.2.    Number, Tenure and Qualifications.  The number of directors of the corporation shall be determined from time to time by the Class A shareholders and the number of directors, until later changed, shall be at least one (1) and no more than seven (7). Each director shall hold office until the next annual meeting of the shareholders and until that director's successor is elected and qualified.  Directors need not be holders of stock of the corporation and they need not be residents of this state or of the United States of America.

Section 2.3.    Regular Meetings.  A regular meeting of the board of directors shall be held immediately after and at the same place as the annual meeting of the shareholders.  Such meeting shall occur without any notice to the directors other than the notice occurring in this bylaw.  By resolution the board of directors may provide the time and place, either within or without this state, for the holding of any additional regular meetings without any notice other than such resolution.

Section 2.4.    Special Meetings.  Special meetings of the board of directors may be called by or at the request of the president, of the secretary, or of any director.  The person or persons calling such special meeting of the board of directors may fix any place, either within or without this state, as the place for holding that special meeting.

Section 2.5.    Notice.  Written notice of the date, time, and place of a special meeting of the board of directors shall be given at least two days prior to the date set for such meeting.  Such notice shall be given in one of the following manners: personally, by mail, by private carrier, by telegraph, by telephone,  facsimile, or by such other manner as permitted by the Texas Business Corporation Act.  Such notice shall be given by the secretary or by the person or one of the persons authorized to call directors' meetings.  If such written notice is mailed, correctly addressed to the director's address shown in the corporation's current records, the notice shall be deemed to have been given to the director at the time of mailing.  If such written notice is sent by private carrier or if such written notice is sent by United States mail, postage prepaid and by registered or certified mail, return receipt requested, the notice shall be deemed to have been given to the director on the date shown on the return receipt. . If this notice is sent by facsimile, the notice shall be deemed to have been given to the shareholder on the date shown on the facsimile printed delivery notice.  If the notice is sent by electronic mail, read receipt requested,

PAGE 6 - BYLAWS OF Texas Undercarriage Corporation

the notice shall be deemed to have been given to the shareholder on the date shown on the read receipt. Otherwise notice is effective when received by the director. Notice of any directors' meeting may be waived by any director before or after the date and time of the meeting. Such waiver must be in writing, must be signed by the director, and must be delivered to the corporation for inclusion in the minutes or filing with the corporate records. The attendance of a director at a meeting of the board of directors shall constitute a waiver of notice of such meeting except where a director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully convened.

Section 2.6.    Quorum. A quorum of the board of directors consists of a majority of the number of directors specified in, or fixed in accordance with, these bylaws. If a quorum is present when a vote is taken, the affirmative vote of a majority of directors present is the act of the board of directors.

Section 2.7.    Action by Directors Without a Meeting. Any action required or permitted to be taken at a directors' meeting may be taken without a meeting if one or more written consents, setting forth the action so taken, shall be signed by all the directors. Any such action taken shall be effective when all consents have been delivered to the corporation, unless the consent specifies a later effective date.

Section 2.8.    Telephone and Internet Facilitated Meetings. Any director may participate in a meeting of the directors by means of communication by which all persons participating in the meeting can hear each other during the meeting. These meetings may be held via a telephone, an internet facilitated video conference, or a combination of both. A director participating in a meeting by this means is deemed to be present in person at the meeting.

Section 2.9.    Removal. All of the directors may be removed, with or without cause, at a special meeting of shareholders called for that purpose, by a vote of the majority of the shares then entitled to vote at an election of directors. If fewer than all of the directors are removed, no one of the directors may be removed if the votes cast against such director's removal would be sufficient to elect such director if then cumulatively voted at an election of the entire board of directors.

Section 2.10.    Vacancies. Any vacancy occurring on the board of directors for any reason, including an increase in the number of directors, may be filled by the affirmative vote of a majority of the remaining directors though there is less than a quorum of the board of directors, or by the affirmative vote of the shareholders entitled to vote for that director. If the directors in office constitute fewer than a quorum of the board, they may fill the vacancy by the affirmative vote of a majority of all the directors in office. A director elected to fill a vacancy shall be elected for the unexpired term of his/her predecessor in office.

Section 2.11.    Compensation. The board of directors may resolve to re-imburse the directors for their expenses, if any, of attendance at each meeting of the board of directors, and may resolve to fix compensation for directors for their service to the corporation as directors.

PAGE 7 - BYLAWS OF Texas Undercarriage Corporation

Section 2.12.  Presumption of Assent.  A director of the corporation who is present at a meeting of the board of directors at which action on any corporate matter is taken shall be presumed to have assented to the action taken unless: (i) the director objects at the beginning of the meeting, or promptly upon the director's arrival, to holding the meeting or transacting business at the meeting; (ii) such director's dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) the director delivers written notice of the director's dissent or abstention to the presiding officer of the meeting before the adjournment of the meeting or to the corporation within a reasonable time after adjournment of the meeting. Such right to dissent shall not apply to a director who voted in favor of such action.

## ARTICLE III

## COMMITTEES

Section 3.1.    Appointment.  The board of directors, by resolution adopted by a majority of the full board, may designate one or more of its members to constitute an executive committee or any other committee.  Each committee shall have one or more members, who serve at the pleasure of the board of directors.  The designation of such a committee and the delegation to it of authority shall not operate to relieve the board of directors, or any member of it, of any responsibility imposed by law.

Section 3.2.    Authority of Executive Committee.  If the board of directors appoints an executive committee, the executive committee shall have and may exercise all of the authority of the board of directors when the board of directors is not in session except as set forth in Section 3.3 herein.

Section 3.3.    Limits on Authority of Committees.  No committee, including the executive committee, may do any of the following:

A.    Authorize or approve distributions;

B.    Approve or propose to shareholders action that are required by law to be approved by shareholders;

C.    Fill vacancies on the board of directors or on any of its committees;

D.    Amend articles of incorporation;

E.    Adopt, amend, or repeal bylaws;

F.    Approve a plan of merger not requiring shareholder approval;

G.    Authorize or approve the reacquisition of shares, except according to a formula or

PAGE 8 - BYLAWS OF Texas Undercarriage Corporation

method prescribed by the board of directors; or

H.     Authorize or approve the issuance or sale or contract for sale of shares, or determine the designation and relative rights, preferences, and limitations of a class or series of shares, except that the board of directors may authorize a committee (or a senior executive officer of the corporation) to do so within limits specifically prescribed by the board of directors.

Section 3.4.     Tenure.  Each member of a committee shall serve at the pleasure of the board of directors.

Section 3.5.     Meetings and Notice.  Regular meetings of a committee may be held without notice at such times and places as the committee may fix from time to time by resolution. Special meetings of a committee may be called by any member of it upon not fewer than two days' notice stating the place, date, and hour of the meeting.  Notice of special meetings shall be given in the same manner as is notice of special director meetings and as specified in Section 2.5 hereof.  Any member of a committee may waive notice of any meeting, and no notice of any meeting need be given to any member of it who attends in person.  The notice of a meeting of a committee need not state the business proposed to be transacted at the meeting.  Any regular or special meeting may be by means of conference telephone or other device permitted under Section 2.8 of these bylaws.

Section 3.6.     Quorum.  A majority of the members of committee shall constitute a quorum for the transaction of business at any meeting of that committee, and action of the committee must be authorized by the affirmative vote of a majority of the members present at a meeting at which a quorum is present.

Section 3.7.     Action Without a Meeting.  Any action that may be taken by a committee at a meeting may be taken without a meeting by one or more written consents, setting forth the action so taken, signed by all members of that committee.

Section 3.8.     Resignation and Removal.  Any member of a committee may be removed at any time, with or without cause, by resolution adopted by a majority of the full board of directors. Any member of a committee may resign from the committee at any time by giving written notice to the president or secretary of the corporation, and unless otherwise specified in the notice, the acceptance of such resignation shall not be necessary to make it effective.

Section 3.9.     Vacancies.  Any vacancy in a committee may be filled by a resolution adopted by a majority of the full board of directors.

Section 3.10.  Procedure.  A committee shall elect a presiding officer from its members and may fix its own rules of procedure which shall not be inconsistent with these bylaws.  A committee shall keep regular minutes of its proceedings, and report the same to the board of directors for the board's information at the meeting thereof held next after the proceedings shall have occurred.

PAGE 9 - BYLAWS OF Texas Undercarriage Corporation

ARTICLE IV

OFFICERS

Section 4.1.    Number.  The board of directors shall appoint a president and a secretary.  The board of directors, in their discretion, may also appoint a chair of the board, one or more vice presidents, a treasurer, and such other officers and assistant officers as they shall from time to time deem proper.  Any two or more offices may be held by the same person.  The board may choose not to fill any of the other officer positions for any period.

Section 4.2.    Appointment and Term of Office.  The officers of the corporation shall be appointed by the board of directors at the first meeting of the directors.  If the appointment of officers shall not be held at such meeting, such appointment shall be held as soon thereafter as conveniently may be.  Each officer shall hold office until a successor shall have been duly appointed and qualified or until the officer's death or until the officer resigns or is removed in the manner hereinafter provided.

Section 4.3.    Removal.  Any officer or agent appointed by the board of directors may be removed by the board of directors at any time with or without cause, but such removal shall be without prejudice to the contract rights, if any, of the person so removed.

Section 4.4.    Vacancies.  A vacancy in any office because of death, resignation, removal, disqualification, or otherwise, may be filled by the board of directors.

Section 4.5.    Chair of the Board.  The chair of the board, if there be such an office, shall, if present, preside at all meetings of the board of directors, and exercise and perform such other powers and duties as may be from time to time assigned to the chair by the board of directors.

Section 4.6.    President.  The president shall be the principal executive officer of the corporation and, subject to the control of the board of directors, shall in general supervise and control all of the business and affairs of the corporation.  When present, the president shall preside at all meetings of the shareholders in the absence of the chair of the board.  The president may sign, with the secretary or any other proper officer of the corporation authorized by the board of directors, certificates for shares of the corporation, any deeds, mortgages, bonds, contracts, or other instruments which the board of directors has authorized to be executed, except in cases where the signing and execution thereof shall be expressly delegated by the board of directors or by these bylaws to some other officer or agent of the corporation, or shall be required by law to be otherwise signed or executed; and in general shall perform all duties incident to the office of president and such other duties as may be prescribed by the board of directors from time to time.

Section 4.7.    The Vice Presidents.  In the absence of the president or in the event of the president's death, inability or refusal to act, the vice president (or in the event there shall be more than one vice president, the vice presidents in the order designated at the time of their

PAGE 10 - BYLAWS OF Texas Undercarriage Corporation

appointment, or in the absence of any designation then in the order of their appointment) shall perform the duties of the president, and when so acting shall have all the powers of and be subject to all the restrictions upon the president; and shall perform such other duties as from time to time may be assigned to the vice president by the president or by the board of directors.

Section 4.8.    The Secretary.  The secretary shall:  (a) prepare the minutes of the shareholders' and board of directors' meetings and keep them in one or more books provided for that purpose; (b) authenticate such records of the corporation as shall from time to time be required; (c) see that all notices are duly given in accordance with the provisions of these bylaws or as required by law; (d) be custodian of the corporate records and of the seal of the corporation, if any, and see that the seal of the corporation, if any, is affixed to all documents the execution of which on behalf of the corporation under its seal is duly authorized; (e) keep a register of the post office address of each shareholder; (f) sign with the president, or a vice president, certificates for shares of the corporation, the issuance of which shall have been authorized by resolution of the board of directors; (g) have general charge of the stock transfer books of the corporation; and (h) in general perform all duties incident to the office of secretary and such other duties as from time to time may be assigned to the secretary by the president or the board of directors.

Section 4.9.    The Treasurer.  The treasurer shall:  (a) have charge and custody of and be responsible for all funds and securities of the corporation; receive and give receipts for money due and payable to the corporation from any source whatsoever, and deposit all such money in the name of the corporation in such banks, trust companies or other depositories as shall be selected in accordance with the provisions of Article VI of these bylaws; and (b) in general perform all of the duties incident to the office of treasurer and such other duties as from time to time may be assigned to the treasurer by the president or the board of directors.

ARTICLE V

OFFICES

The principal office and place of business of the corporation in the State of Texas shall be located at 4253 Old Goliad Road, Victoria, TX  77905.

The corporation shall have such other offices as the board of directors may designate or the business of the corporation may require from time to time.

## ARTICLE VI

### CONTRACTS, LOANS, CHECKS, DEPOSITS

Section 6.1.    Contracts.  The board of directors, upon unanimous written consent of the entire board of directors (said unanimous written consent being the original, wet ink signature of each and every member of the board of directors), may authorize any officer or officers, agent or agents, to enter into any contract or execute and deliver any instrument in the name of and on behalf of the corporation, and such authority may be general or confined to specific instances.

A director or officer of the corporation shall not be disqualified by his/her office from dealing or contracting with the corporation either as a vendor, purchaser, or otherwise.  The fact that any director or officer, or any firm of which any director or officer of the corporation is a shareholder, officer or director, is in any way interested in any transaction of the corporation shall not make such transaction void or voidable, or require such director or officer of the corporation to account to the corporation for any profits therefrom, provided that (a) the material facts of such transaction and the director's interest are disclosed to or known by the board of directors or committee of the board of directors at the time that the board of directors or committee authorizes, ratifies, or approves the transaction; (b) the material facts of such transaction and the director's interest are disclosed to or known by the shareholders entitled to vote and they authorize, ratify, or approve the transaction; or (c) the transaction is fair to the corporation.

Section 6.2.    Loans.  No loans shall be made, or accepted, on behalf of the corporation, and no evidences of indebtedness shall be issued in the corporation's name, unless authorized by a resolution as evidenced by a unanimous written consent of the entire board of directors (said unanimous written consent being the original, wet ink signature of each and every member of the board of directors).  Such authority may be general or confined to specific instances.

Section 6.3.    Checks, Drafts, Notes.  All checks, drafts, or other orders for the payment of money, notes, or other evidences of indebtedness issued in the name of the corporation shall be signed by such officer or officers, agent or agents of the corporation and in such manner as shall from time to time be determined by resolution of the board of directors. Initially all accounts will require the signature of the current acting President and Secretary of the Board of Directors.

Section 6.4.    Deposits.  All funds of the corporation not otherwise employed shall be deposited from time to time to the credit of the corporation in such banks, trust companies, or other depositories as the board of directors may select.

ARTICLE VII

CERTIFICATES FOR SHARES AND THEIR TRANSFER

Section 7.1.    Certificates for Shares.  Certificates representing shares of the corporation shall be in such form as shall be determined by the board of directors.  Such certificates shall be signed by the president and by the secretary of the board of directors.  Certificates shall be issued for all shares to which shareholders are entitled. Such certificates shall be consecutively numbered and shall be entered in the books of the corporation as they are issued.  Each certificate shall state on the face thereof the holder's name, the number and class of shares, and the par value of such shares or a statement that such shares are without par value.  They shall be signed by the president, and the secretary and must also be sealed with the seal of the corporation or a facsimile thereof.  All certificates surrendered to the corporation for transfers must be canceled and no new certificate shall be issued until the former certificate for a like number of shares shall have been surrendered and canceled except that in case of a lost, destroyed or mutilated certificate a new one may be issued therefor upon such terms and indemnity to the corporation as the board of directors may prescribe.

Section 7.2.    Transfer of Shares.  Transfer of shares of the corporation shall be made only on the stock transfer books of the corporation by the holder of record thereof or by his/her legal representative who shall furnish proper evidence of authority to transfer, or by his/her attorney thereunto authorized by power of attorney duly executed and filed with the secretary of the corporation, and on surrender for cancellation of the certificate for such shares.  The person in whose name shares stand on the books of the corporation shall be deemed by the corporation to be the owner thereof for all purposes.

Section 7.3.    Restrictions on Transfer.  Transfer of shares of the corporation shall be made only (i) if there is an effective registration covering the shares to be transferred under the Securities Act of 1933 and applicable state securities laws, (ii) upon receipt of a letter from an attorney, acceptable to the board of directors or its agents, stating that in the opinion of the attorney the proposed transfer is exempt from registration under the Securities Act of 1933 and under all applicable state securities laws, or (iii) the transfer is made pursuant to Rule 144 under the Securities Act of 1933.  In addition, if the corporation is then subject to Subchapter S of the Internal Revenue Code, then the corporation will not transfer this certificate without first receiving an opinion of counsel, acceptable to the board of directors or its agents, that the proposed transfer will not adversely affect the corporation federal S Corporation status.  All stock certificates issued by the corporation shall bear a legend informing the holder thereof of this restriction using appropriate language thereon.

## ARTICLE VIII

## FISCAL YEAR

The fiscal year of the corporation shall begin on the first day of April and end on the last day of March in each year.

## ARTICLE IX

## DISTRIBUTIONS

Holders of Class A and Class B stock are entitled to receive dividends when, as, and if declared by the board of directors out of funds legally available therefore beginning on March 30, 2023. This right shall cumulate on December 31st of each year beginning in 2023.

In the case of any liquidation, the holders of Class A stock, if any, shall have a preference. If, after payment of all costs and expenses of liquidation and obligations to creditors, there are assets remaining, the holders of the Class A stock, if any, shall be entitled to first receive $100.00 per share of Class A stock held plus any accrued but unpaid dividends attributable to such shares. Thereafter, the holders of Class A and Class B stock shall be equally entitled to any further distribution available upon the dissolution, liquidation or winding up of the affairs of the corporation.

## ARTICLE X

## WAIVER OF NOTICE

Whenever any notice is required to be given to any shareholder or director of the corporation under the provisions of these bylaws or under the provisions of the articles of incorporation or of the Texas Business Corporation Act, a waiver thereof in writing, signed by the person or persons entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice.

## ARTICLE XI

## ACTIONS AGAINST OFFICERS AND DIRECTORS

The corporation shall indemnify to the fullest extent permitted by the Texas Business Corporation Act any person who has been made, or is threatened to be made, a party to an action, suit, or proceeding, whether civil, criminal, administrative, investigative, or otherwise (including an action, suit, or proceeding by or in the right of the corporation), by reason of the fact that the person is or was a director or officer of the corporation, or a fiduciary within the meaning of the Employee Retirement Income Security Act of 1974 with respect to an employee benefit plan of the corporation, or serves or served at the request of the corporation as a director or as an officer, or as a fiduciary of an employee benefit plan, of another corporation, partnership, joint venture,

PAGE 14 - BYLAWS OF Texas Undercarriage Corporation

trust, or other enterprise. In addition, the corporation shall pay for or reimburse any expenses incurred by such persons who are parties to such proceedings, in advance of the final disposition of such proceedings, to the full extent permitted by the Texas Business Corporation Act.

No director of the corporation shall be personally liable to the corporation or its shareholders for monetary damages for conduct as a director; provided that this Article does shall not eliminate the liability of a director for any act or omission for which such elimination of liability is not permitted under the Texas Business Corporation Act. No amendment to that Act that further limits the acts or omissions for which elimination of liability is permitted shall affect the liability of a director for any act or omission which occurs prior to the effective the of such amendment.

## ARTICLE XII

### AMENDMENTS, REPEAL and GENERAL

Section 1. These Bylaws may be altered, amended or repealed and new bylaws may be adopted by the directors, subject to repeal or change by action of a simple majority of the Class A shareholders; in the case that there are no Class A shareholders, then by a two- thirds (2/3) majority of the Class B shareholders.

Section 2. As used in these Bylaws, references in the masculine gender shall be deemed to include the feminine and neuter gender, and vice versa, and references to the singular shall be deemed to include the plural, and vice versa, wherever the context so permits.

I, Huiqun Zhang, as secretary of Texas Undercarriage Corporation, hereby certify that the foregoing constitute the bylaws of this corporation as adopted and in full force and effect on this 21 st day of September , 2022.

Huiqun Zhang, Secretary

PAGE 15 - BYLAWS OF Texas Undercarriage Corporation