UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

|  |  |
|---|---|
| Huiqun "Jenny" Lin Sun (a.k.a. Huiqun Zhang) and Texas Undercarriage Corp., | Case No. 6:25-cv-76 |
| *Plaintiffs / Counter-Defendants,* | |
| v. | **Plaintiff / Counter-Defendant Sun's Answer to Defendant / Counter-Plaintiff's Original Counterclaim** |
| Chunyi Zhao, | |
| *Defendant / Counter-Plaintiff* | |

Plaintiff / Counter-Defendant Huiqun "Jenny" Lin Sun ("Sun") hereby files her Answer to the Counterclaims asserted by Defendant / Counter-Plaintiff Chunyi Zhao ("Zhao") at Dkt. 18, pp. 13–35, and in response to the numbered allegations therein respond as follows:

1.      The Bylaws and the 2024 SPAs are written instruments that speak for themselves, and Plaintiff respectfully refers the Court to those documents for their complete and accurate terms. Plaintiff denies that Sun's Complaint seeks to convert post-termination tenders into a retroactive closing, denies that any valid termination of the 2024 SPAs ever occurred, and denies each and every remaining characterization in Paragraph 1.

2.      Plaintiff denies each and every allegation in Paragraph 2, including the characterization of Sun's ownership theory as "manufactured," "commercially unreasonable," or inconsistent with the parties' course of dealing or TUC's governing documents.

3.      Plaintiff admits that TUC, through counsel, issued written notices on December 22, 2025 regarding the removal of Zhao and Zhang from their board and officer roles and the revocation of banking access. Plaintiff denies that any "sole owner" narrative was manufactured or fraudulent, denies that Zhao remains a shareholder of record, and denies each and every remaining allegation in Paragraph 3.

4.      Plaintiff admits that Sun has tendered the full purchase prices stated in the 2024 SPAs, and that those funds have not been returned to Sun by Zhao or her counsel. Plaintiff denies that Zhao has not accepted those payments, denies that the payments were "post-termination" because no valid or effective termination of the 2024 SPAs occurred, and lacks sufficient information to admit or deny the remaining allegations in Paragraph 4 concerning the internal movements of funds between Zhao's counsel's trust accounts.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.    Admitted.

11.    Admitted.

12.    Plaintiff admits that Zhao agreed to form a joint venture in Texas to manufacture and sell certain machinery products in the U.S. market. Plaintiff lacks sufficient information to admit or deny the remaining allegations in Paragraph 12, and on that basis denies them.

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Admitted.

18.    Plaintiff admits that, in or about January 2023, Zhao contributed $350,000 to TUC and that those funds were used in connection with TUC's acquisition of land in Victoria, Texas. Plaintiff lacks sufficient information to admit or deny Zhao's subjective purpose, motivation, or intent for making that contribution, and on that basis denies the remaining characterizations in Paragraph 18.

19.    Plaintiff admits that there were wires to TUC totaling $4,000,000 on or about November 11, 2024. Plaintiff lacks sufficient information to admit or deny the remaining allegations in Paragraph 19, and on that basis denies them.

20. Plaintiff admits that UTC was formed on or about May 21, 2025 with Sun and Lin as its directors and that TUC is the 100-percent shareholder of UTC. Plaintiff denies each and every remaining allegation in Paragraph 20.

21. Plaintiff denies each and every allegation in Paragraph 21, including the allegations that Sun or Lin diverted or misappropriated any funds provided by XLP or Zhao, that UTC was used as a vehicle for any such diversion, that UM or XBIM were established or financed in bad faith using XLP or Zhao funds, or that Sun or Lin acted in bad faith or to compete with XLP.

22. Plaintiff admits that the instruments were signed by Sun and Zhao. The 2024 SPAs are written instruments that speak for themselves, and Plaintiff respectfully refers the Court to those documents for their complete and accurate terms.

23. Plaintiff denies each and every allegation in Paragraph 23, including the allegation that the parties failed to consummate a completed transfer of ownership under the 2024 SPAs and TUC's governing documents.

24. Plaintiff admits that Sun tendered the purchase prices stated in the 2024 Class A SPA and the 2024 Class B SPA on November 18, 2025 and December 17, 2025, respectively. Plaintiff denies that those tenders were untimely or constituted a material breach, denies that any valid written SPA termination notice was issued by Zhao's counsel, and denies that any purported termination notice had any legal effect. Plaintiff denies each and every remaining characterization in Paragraph 24.

25.    Plaintiff denies each and every allegation in Paragraph 25, including the characterization of any payment obligation as a "material breach" or a failure to perform within a reasonable time. Paragraph 25 otherwise contains legal conclusions to which no response is required.

26.    Plaintiff admits that Zhao, through counsel, transmitted written notices on or about November 4–5, 2025 purporting to terminate the 2024 SPAs. Plaintiff denies that any such notices were legally effective, denies that Sun was in nonpayment or engaged in any misconduct supporting termination, and denies each and every remaining allegation in Paragraph 26.

27.    Plaintiff admits that funds were transmitted by or on behalf of Sun in satisfaction of the purchase prices stated in the 2024 SPAs. Plaintiff denies that those funds were "post-termination" because no valid termination of the 2024 SPAs occurred, and denies each and every remaining characterization in Paragraph 27.

28.    Plaintiff admits that funds tendered by or on behalf of Sun in satisfaction of the 2024 SPAs have not been returned to Sun. Plaintiff lacks sufficient information to admit or deny when or into which trust account Zhao placed those funds, and on that basis denies the remaining allegations in Paragraph 28. Plaintiff further denies that the tenders were "post-termination" because no valid termination of the 2024 SPAs occurred.

29.    Plaintiff admits that Sun and TUC have taken the position that Sun is the sole owner of all Class A and Class B shares of TUC and that Zhao has no shareholder rights. Plaintiff denies that TUC is fraudulently controlled by Sun.

30. Admitted.

31. Admitted.

32. Plaintiff denies each and every allegation in Paragraph 32 and each of its subparts. Specifically, Plaintiff denies that TUC made the December 18, 2025 disbursement; denies that TUC's use of funds to retain litigation counsel was improper, and states that any engagement of counsel was authorized by TUC acting through its lawful sole shareholder; and denies that any wire of $500,000 in late December 2025 from TUC to China constituted intentional self-dealing, corporate waste, knowing misappropriation, direct competition with XLP, or was done behind Zhao's back.

33. Plaintiff denies each and every allegation in Paragraph 33.

34. Plaintiff denies each and every allegation in Paragraph 34.

35. Paragraph 35 contains legal conclusions and citations to which no response is required. To the extent a response is required, Plaintiff denies each and every allegation in Paragraph 35.

36. Plaintiff admits that the 2022 Class A SPA specified price and quantity but no payment deadline, and that payment was made within seven to eight days. Plaintiff denies each and every remaining allegation in Paragraph 36.

37. Plaintiff denies each and every allegation in Paragraph 37, including the characterization of a one-week payment cadence as the only concrete benchmark for reasonable time, and denies that Sun's tender of the purchase prices

deviated from any established course of dealing. Paragraph 37 otherwise contains legal argument to which no response is required.

38.    Plaintiff denies each and every allegation in Paragraph 38, including the allegations that Zhao was deprived of any bargain, that any commercially meaningful closing was prevented, or that Sun breached the 2024 SPAs in any material or non-material respect.

39.    Plaintiff denies each and every allegation in Paragraph 39. Paragraph 39 otherwise contains legal conclusions regarding the effect of a tender on an alleged termination, to which no response is required.

40.    Plaintiff denies each and every allegation in Paragraph 40, including the characterization of Sun's ownership theory as "vesting upon execution" and the allegation that such theory ignores or is inconsistent with TUC's Bylaws.

41.    Plaintiff denies each and every allegation in Paragraph 41. The cited provisions of the 2024 Class A SPA and TUC's Bylaws are written instruments that speak for themselves, and Plaintiff respectfully refers the Court to those documents for their complete and accurate terms. Paragraph 41 otherwise contains legal conclusions to which no response is required.

42.    Paragraph 42 contains legal conclusions and citations to which no response is required. To the extent a response is required, Plaintiff denies each and every allegation in Paragraph 42.

43. Plaintiff denies each and every allegation in Paragraph 43, including the characterization of the Bylaws as "mandatory" in the manner Zhao asserts. Paragraph 43 otherwise contains legal conclusions to which no response is required.

44. Plaintiff denies each and every allegation in Paragraph 44, and affirmatively states that Sun's ownership of the Class A and Class B shares was effected in full compliance with the Bylaws, the 2024 SPAs, and applicable Texas law.

45. Plaintiff denies each and every allegation in Paragraph 45, including the allegation that Sun's post-May 14, 2024 actions and communications demonstrate that the 2024 SPAs were not consummated.

46. Plaintiff admits that on or about December 19, 2024, Lin communicated with Zhao and Zhang regarding a potential acquisition of a second parcel of land in Texas, and respectfully refers the Court to Ex. 2 for the complete and accurate content of any such communication. Plaintiff denies any implication that this communication is inconsistent with Sun's lawful ownership of TUC or with the consummation of the 2024 SPAs, and denies each and every remaining characterization in Paragraph 46.

47. Admitted.

48. Plaintiff denies each and every allegation in Paragraph 48, including the allegations that Sun had not already become TUC's sole owner as of May 14, 2024 and that Sun continued to recognize any governance rights or ongoing role of Zhao in TUC's corporate affairs after that date.

49.    Paragraph 49 requires no response. To the extent a response is required, Plaintiff incorporates her responses to Paragraphs 1 through 48 as if fully set forth herein.

50.    Plaintiff admits that a dispute exists between the parties regarding the matters described in subparagraphs (a) through (e), but denies each and every characterization, implication, and substantive assertion embedded therein, including that Sun materially breached the 2024 SPAs, that Zhao lawfully terminated the 2024 SPAs, that any share transfer was not consummated, that Sun is not the sole owner of TUC, or that Sun's actions as sole shareholder were invalid.

51.    Paragraph 51 constitutes a prayer for relief to which no response is required. To the extent a response is required, Plaintiff denies that Zhao is entitled to any of the declarations sought in subparagraphs (a) through (e). Specifically, Plaintiff denies that Sun materially breached the 2024 SPAs; denies that Zhao's purported termination of the 2024 SPAs was effective or lawful; denies that Sun did not acquire ownership and voting control of the Class A shares and ownership of the Class B shares; denies that Zhao remains a shareholder of record with any voting rights; and denies that any actions taken by Sun as sole shareholder were premised on fraud, are void, voidable, or subject to injunction.

52.    Plaintiff admits that a real, substantial, and justiciable controversy exists between the parties regarding the matters described in this paragraph, and that the controversy is concrete, adverse, and based on conduct that has already occurred. Plaintiff denies, however, that Sun's exercise of corporate authority was

merely "purported" or otherwise illegitimate, and denies each and every characterization of the disputed issues that is adverse to Plaintiff's position, including any implication that the 2024 SPAs were ineffective, that Sun's termination of Zhao's corporate roles was improper, or that Sun's status as sole shareholder is invalid.

53.    Plaintiff admits that a real and justiciable controversy exists involving the parties' legally protectable interests, including their respective claims regarding ownership and governance of TUC, and that the controversy immediately and substantially affects the control, operation, and management of the Company. Plaintiff denies, however, that Sun's claims to ownership and authority over TUC are merely "competing" claims or that Sun's exercise of authority is properly characterized as "unilateral," and denies each and every characterization of the disputed issues that is adverse to Plaintiff's position, including any implication that Zhao retains any ownership rights, governance rights, or right to participate in corporate decision-making.

54.    Paragraph 54 contains legal conclusions and argument to which no response is required. To the extent a response is required, Plaintiff denies that Zhao is entitled to any of the declaratory relief she seeks.

55.    Paragraph 55 contains legal conclusions to which no response is required, including the assertion that the relief sought does not constitute an advisory opinion. To the extent a response is required, Plaintiff denies that Sun failed to make payment under the 2024 SPAs, denies that Zhao's purported

termination of the 2024 SPAs was effective or legally valid, and denies that Sun's ownership of TUC is merely an "assertion" rather than a legal fact. Plaintiff further denies that declaratory relief is necessary to prevent further harm, as any harm to the parties results from Zhao's own conduct in purporting to terminate valid agreements and refusing to recognize Sun's ownership rights.

56.    Plaintiff incorporates her responses to Paragraphs 1 through 55 as if fully set forth herein.

57.    Admitted.

58.    The 2024 SPAs are written instruments that speak for themselves, and Plaintiff respectfully refers the Court to those documents for their complete and accurate terms.

59.    Plaintiff denies each and every allegation in Paragraph 59, including the allegation that Sun failed to pay the purchase prices within a reasonable time or that any such alleged failure constituted a material breach of the 2024 SPAs.

60.    Plaintiff denies each and every allegation in Paragraph 60, and affirmatively states that Sun provided full consideration for the 2024 SPAs in the form of the purchase prices stated therein.

61.    Plaintiff denies that Sun committed any breach of the 2024 SPAs. Plaintiff admits that Zhao purported to provide written notice of termination of the 2024 SPAs, but denies that any such purported termination was legally effective or warranted.

62.    Plaintiff denies that Sun's tenders of payment were "post-termination" because no valid termination of the 2024 SPAs occurred, and further denies that Sun committed any breach requiring cure. Plaintiff admits that funds tendered by or on behalf of Sun were placed into Zhao's counsel's trust account, but denies that this placement was legally appropriate or that it constitutes a rejection of Sun's valid tender of payment under the 2024 SPAs.

63.    Plaintiff denies that Zhao has been damaged in any amount or at all, denies that Sun breached the 2024 SPAs, and denies that Zhao is entitled to any damages, attorneys' fees, costs, or other relief whatsoever. The remaining allegations in Paragraph 63 state legal conclusions to which no response is required.

64.    Plaintiff incorporates her responses to Paragraphs 1 through 63 as if fully set forth herein.

65.    Plaintiff denies that Sun's payment was prolonged, untimely, or constituted a failure of consideration or material breach of the 2024 SPAs. The remaining allegations in Paragraph 65 state legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies that Zhao is entitled to rescission or restoration of any status quo ante.

66.    Paragraph 66 constitutes a prayer for relief to which no response is required. To the extent a response is required, Plaintiff denies that Zhao is entitled to rescission, any order regarding disposition of funds held in trust, or any confirmation of ownership rights in the disputed shares.

67. Paragraph 67 contains legal conclusions and argument regarding the availability of rescission under Texas law to which no response is required, and the cited legal standards speak for themselves. To the extent a response is required, Plaintiff denies that Sun's payment was prolonged or untimely, denies that Sun's tender constituted a failure of consideration, and denies that no valid exchange occurred under the 2024 SPAs. Plaintiff further denies that Zhao is entitled to rescission or any equitable relief.

68. Paragraph 68 contains legal conclusions and argument regarding the standard for rescission under Texas law to which no response is required, and the cited legal standards speak for themselves. To the extent a response is required, Plaintiff denies that Sun failed to make payment under the 2024 SPAs, denies that Zhao was left without the benefit of her bargain, denies that any meaningful closing was prevented, and denies that the purpose of the 2024 SPAs was frustrated in any way.

69. Plaintiff denies that Sun did not intend to make timely payment under the 2024 SPAs and denies that Sun committed any breach that would give rise to a right of termination. Plaintiff admits that Zhao purported to issue written notices of termination in early November 2025, but denies that those notices were legally effective or that Zhao had any right to terminate the 2024 SPAs. The remaining allegations in Paragraph 69 state legal conclusions to which no response is required, including the characterization of Zhao as the "non-breaching party."

70.     Plaintiff admits that funds tendered by or on behalf of Sun were placed into Zhao's counsel's trust/IOLTA account. Plaintiff denies that Zhao took any affirmative steps to restore the parties to any status quo ante, and denies that placement of those funds in trust constitutes a proper restoration of consideration or satisfies any equitable requirement for rescission. The remaining allegations in Paragraph 70 state legal conclusions to which no response is required.

71.     Paragraph 71 contains legal conclusions and equitable argument to which no response is required. To the extent a response is required, Plaintiff denies that any alternative remedy would be inadequate, denies that the 2024 SPAs were defective or unconsummated, and denies that Sun's valid tender of payment constitutes any improper attempt to leverage or retroactively seize ownership or governance rights.

72.     Paragraph 72 contains legal conclusions and equitable argument to which no response is required. To the extent a response is required, Plaintiff denies that Sun engaged in any prolonged nonperformance, material nonpayment, or noncompliance with corporate formalities, denies that Sun's acquisition of ownership of TUC shares would constitute inequitable conduct or unjust enrichment, and denies that Zhao is entitled to rescission or any equitable relief whatsoever.

73.     Plaintiff incorporates her responses to Paragraphs 1 through 72 as if fully set forth herein.

74. Plaintiff admits that Sun has served as an officer and director of TUC. The remaining allegations in Paragraph 74 state legal conclusions regarding the nature and scope of any fiduciary duties to which no response is required. To the extent a response is required, Plaintiff denies that any fiduciary duties owed by Sun were breached in any manner.

75. Plaintiff denies each and every allegation in Paragraph 75 and denies that Sun breached any fiduciary duty owed to Zhao, TUC, or any other party. Specifically, Plaintiff denies that Sun asserted ownership and governance control without lawful transfer or without compliance with the Bylaws, as Sun is the lawful sole owner of TUC; denies that any notices issued to Zhao and Zhang were based on any false premise, as those notices accurately reflected Sun's lawful authority as sole shareholder; denies that Sun improperly used TUC funds, records, or relationships to entrench any position or prosecute this litigation, as Sun's actions were taken in her capacity as the lawful owner and were authorized corporate actions; and denies that Sun refused to maintain any required preservation of corporate books and records. Plaintiff further denies that any of the actions described in subparagraphs (a) through (d) constitute a breach of any fiduciary duty.

76. Plaintiff denies that Zhao has been damaged in any amount or at all, denies that Zhao faces any irreparable injury, and denies that Zhao is entitled to injunctive relief of any kind. Plaintiff further denies that Sun's exercise of authority over TUC is "unilateral" or improper, as Sun is the lawful sole owner of TUC acting

within her rights. Plaintiff denies that Zhao possesses any voting rights capable of being impaired, denies that Zhao has any ownership interest in TUC whose value could be diminished, and denies that Sun has dissipated, diverted, or threatened to dissipate or divert any corporate funds. The remaining allegations in Paragraph 76 state legal conclusions regarding the adequacy of monetary damages and the propriety of injunctive relief to which no response is required. To the extent a response is required, Plaintiff denies that monetary damages would be inadequate to remedy any harm Zhao has suffered, and denies that any of the harms described in this paragraph have occurred or are threatened.

77.    Plaintiff incorporates her responses to Paragraphs 1 through 76 as if fully set forth herein.

78.    Plaintiff denies that Zhao is a shareholder of record or beneficial owner of any TUC shares, and denies that Zhao is entitled to inspect or obtain TUC's books and records on any basis alleged. The remaining allegations in Paragraph 78 state legal conclusions regarding Zhao's alleged inspection rights to which no response is required. To the extent a response is required, Plaintiff denies that Zhao has any right to inspect TUC's books and records under the Bylaws, Texas law, or any other basis.

79.    Plaintiff denies that Plaintiff or TUC denied or impaired Zhao's access to any records or systems to which she was lawfully entitled, and denies that Plaintiff or TUC improperly attempted to seize Zhao's access to any records or systems. Plaintiff affirmatively states that any changes to Zhao's access to TUC's

records and systems were lawful actions taken by Sun in her capacity as sole owner of TUC.

80. Paragraph 80 constitutes a prayer for relief to which no response is required. To the extent a response is required, Plaintiff denies that Zhao is entitled to any order compelling production of or access to TUC's books, records, or systems of any kind.

81. Plaintiff denies that Zhao remains a shareholder of record or beneficial owner of any TUC shares under Texas law or the Company's governing documents. The remaining allegations in Paragraph 81 state legal conclusions regarding standing and the scope of inspection rights under Texas law to which no response is required. To the extent a response is required, Plaintiff denies that Zhao has standing to seek inspection or accounting-related relief on any basis, and denies that any dispute regarding ownership entitles Zhao to inspection rights she does not otherwise possess.

82. Plaintiff admits that Zhao, through counsel, transmitted a written demand dated November 4, 2025 purporting to seek access to TUC's books and records. Plaintiff denies that Zhao was entitled to the access demanded, and denies that any such demand was made in Zhao's capacity as a lawful shareholder. The remaining allegations in Paragraph 82 state legal conclusions regarding whether Zhao's written demands satisfy any precondition to judicial relief under Texas law or TUC's Bylaws, to which no response is required. To the extent a response is

required, Plaintiff denies that Zhao's demands satisfied any such requirement or entitle her to judicial relief.

83. Paragraph 83 states legal conclusions regarding the propriety of Zhao's alleged inspection purposes under Texas law to which no response is required. To the extent a response is required, Plaintiff denies that Zhao has any proper or authorized purpose for inspecting TUC's books and records, denies that there has been any mismanagement or misuse of corporate assets to investigate, and denies that Sun's authority over TUC's corporate affairs requires any validation or assessment by Zhao, as Sun is the lawful sole owner of TUC.

84. Paragraph 84 describes the categories of documents Zhao seeks and states legal conclusions regarding the scope and propriety of her requested inspection, to which no response is required. To the extent a response is required, Plaintiff denies that Zhao is entitled to any of the categories of documents described in Paragraph 84, and denies that any such inspection would serve any proper or authorized purpose.

85. Paragraph 85 contains legal conclusions and argument regarding the permissible scope of shareholder inspection rights under Texas law to which no response is required. To the extent a response is required, Plaintiff denies that Zhao is entitled to any inspection whatsoever, and therefore denies that the scope of her requested inspection is consistent with any limitation recognized under Texas law.

86. Plaintiff denies that Plaintiff or TUC refused to provide any access to records to which Zhao was lawfully entitled, and denies that judicial intervention is

warranted or necessary. Plaintiff further denies that Sun has made any improper expenditures, denies that any corporate assets have been or are at risk of being dissipated or misused, and denies that Zhao's rights would be harmed in any way absent Court-ordered inspection. The remaining allegations in Paragraph 86 state legal conclusions regarding the necessity of judicial relief to which no response is required. To the extent a response is required, Plaintiff denies that Zhao is entitled to any Court-ordered inspection, accounting, or access to TUC's books, records, or financial information of any kind.

87.    Plaintiff incorporates her responses to Paragraphs 1 through 86 as if fully set forth herein.

88.    Plaintiff denies that Sun has engaged in any self-interested or unauthorized conduct, denies that Sun has committed any corporate waste, and denies that Sun has used any corporate assets for personal benefit or to fund any improper dispute. Plaintiff further denies that TUC has suffered any harm requiring redress, and denies that Zhao has any standing to bring any claim derivatively on behalf of TUC.

89.    Paragraph 89 states a representation regarding future conduct to which no response is required. To the extent a response is required, Plaintiff denies that Zhao has satisfied or will be able to satisfy the verification requirements of Rule 23.1, and reserves the right to challenge the sufficiency of this derivative count on that basis.

90. Plaintiff denies that demand on the board would be futile, denies that Sun has asserted improper exclusive control over TUC, denies that counsel for TUC has acted improperly or solely at Sun's direction, and denies that there is no disinterested decision-maker capable of evaluating claims against Sun. The remaining allegations in Paragraph 90 state legal conclusions regarding demand futility under Rule 23.1 to which no response is required. To the extent a response is required, Plaintiff denies that Zhao has satisfied the demand or demand-futility requirements of Rule 23.1.

91. Plaintiff denies that Sun's conduct has caused or threatens to cause any injury to TUC, denies that Sun has dissipated or threatened to dissipate any corporate funds, denies that Sun has disrupted TUC's operations in any improper manner, and denies that Sun has caused any reputational or relationship harm to TUC. Plaintiff affirmatively states that any actions taken by Sun with respect to TUC were lawful actions taken in her capacity as sole owner and were in the best interests of the Company.

92. Paragraph 92 constitutes a prayer for relief to which no response is required. To the extent a response is required, Plaintiff denies that Zhao is entitled to any restitution, accounting, injunctive relief, or any other relief on behalf of TUC or otherwise.

93. Plaintiff denies that Zhao was a shareholder of TUC at the time of any of the transactions or conduct alleged in the Counterclaims, denies that Zhao continues to possess any direct or substantial interest in TUC's management or

protection, and denies that Zhao is a shareholder of record or beneficial owner of any TUC shares. The remaining allegations in Paragraph 93 state legal conclusions regarding standing under Rule 23.1 and Texas law governing derivative actions to which no response is required. To the extent a response is required, Plaintiff denies that Zhao satisfies the standing requirements for bringing any derivative claim on behalf of TUC.

94.    Plaintiff denies that Zhao will fairly or adequately represent the interests of TUC or any shareholders similarly situated to her, denies that Zhao's interests are aligned with TUC's interests, and denies that Zhao has no disabling conflict of interest or divergent personal agenda. Plaintiff affirmatively states that Zhao's interests in this litigation are directly adverse to TUC's interests, as Zhao seeks to unwind transactions that were duly authorized and beneficial to the Company, and that Zhao, who is not a shareholder, therefore cannot fairly or adequately represent TUC in any derivative capacity.

95.    Paragraph 95 states legal conclusions regarding the sufficiency of Zhao's derivative pleading under Rule 23.1 to which no response is required. To the extent a response is required, Plaintiff denies that the pleading requirements of Rule 23.1 are satisfied, denies that this derivative count is properly verified, denies that Sun has taken any improper unilateral actions, diverted any funds, misused any authority, or interfered with corporate governance, and denies that a pre-suit demand would have been futile.

96.     Plaintiff admits that TUC has a limited number of shareholders, no public market for its shares, and that a certain individual (namely Sun) serves in both director and officer capacities. The remaining allegations in Paragraph 96 state legal conclusions regarding the applicability of Tex. Bus. Orgs. Code § 21.563 and the closely held corporation exception to which no response is required. To the extent a response is required, Plaintiff denies that the closely held corporation exception applies in the manner Zhao asserts or that it entitles Zhao to any relaxation of the procedural requirements otherwise applicable to her derivative claims.

97.     Paragraph 97 contains legal conclusions and argument regarding security-for-expenses requirements to which no response is required. To the extent a response is required, Plaintiff denies that Zhao brings these claims in good faith, denies that Zhao seeks to protect TUC from any actual misuse of assets, and denies that Sun has engaged in any waste or unauthorized expenditures. Plaintiff reserves the right to seek any security-for-expenses to which she may be entitled under applicable law.

98.     Paragraph 98 constitutes a prayer for relief and summary argument to which no response is required. To the extent a response is required, Plaintiff denies that derivative relief is proper or necessary, denies that TUC faces any ongoing risk of corporate waste or unauthorized expenditures, denies that there is any governance instability resulting from Sun's lawful exercise of her rights as sole

owner of TUC, and denies that Zhao is entitled to any restitution, accounting, injunctive relief, or any other relief on behalf of TUC or otherwise.

99.     Plaintiff further denies each and every allegation in the Counterclaims not expressly admitted herein.

Respectfully submitted,

**FOSTER YARBOROUGH KILLINGSWORTH PLLC**

*s/ Patrick Yarborough*
PATRICK YARBOROUGH
Texas Bar No. 24084129
patrick@fosteryarborough.com

LUKE OTT
Texas Bar No. 24116864
luke@fosteryarborough.com

440 Louisiana Street, Suite 1800
Houston, Texas 77002
T: (713) 331-5254
F: (713) 513-5202

*Counsel for Plaintiff,*

HUIQUN "JENNY" LIN SUN
(a.k.a. HUIQUN ZHANG)

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was electronically served on all counsel of record in accordance with all applicable rules.

*s/ Patrick Yarborough*
PATRICK YARBOROUGH