# Exhibit A-1

# 民 事 起 诉 状

**原告：Tao Lin**

护照号

Victoria, TX 77900, USA)

原告委托诉讼代理人：林忠、陈思扬，上海瓴德律师事务所律师
联系电话：180 5930 3009(陈思扬律师)、138 1862 8370(林忠律师)
联系地址：上海市静安区普济路 88 号静安国际中心 B 座 11 楼 1104 室

**被告：徐州莱益精密机械有限公司**

统一社会信用

法定代表人：赵学亮

**第三人一：赵春轶**

身份证

号

联系

**第三人二：张文斌**

身份证

号

联系

**案由：股东资格确认纠纷**

**诉讼请求：**

一、　判令确认原告为徐州莱益精密机械有限公司的合法股东，依法持有该公司 50%的股权；

二、　判令徐州莱益精密机械有限公司就原告的股东身份在主管市场监督管理部门办理变更登记，并变更其股东名册，向原告发放出资证明书；

三、　判令本案诉讼费用由被告承担。

**事实与理由：**

2011 年，原告与张文斌拟共同设立一家有限责任公司，从事机械设备的加工、销售等活动。双方经协商后决定，原告出资人民币 175 万元，张文斌出资人民币 25 万元，合计人民币 200 万元，设立徐州莱益精密机械有限公司，即被告。考虑到彼时原告仍在其他单位任职领薪且工作地点主要在国外，预计张文斌有更多的时间投入到被告在国内的业务中，故原告与张文斌约定，二人分别持有被告 50%的股权，同时，考虑到原告尚未从当时的工作单位离职，故双方同意原告作为被告的隐名股东，其持有的 50%的股权由张文斌代为持有。此外，为了实现双方均按照 50%的比例持股和分红的目的，双方进一步同意，被告向张文斌支付或分配的工资薪金及利润总额，应与原告在其当时通过在外任职取得的工资薪金及在被告取得的利润分配的总额保持一致。

2011 年 7 月 29 日，原告通过其中国建设银行账户(交易卡号 ███████████ 张文斌的银行账 ███████████████████████ 转账人民币 175 万元整，实际履行了对被告的出资义务。

2011 年 9 月 6 日，被告正式成立，成立时张文斌为其唯一登记的股东。2011 年 10 月 8 日，张文斌将人民币 200 万元整作为出资实缴全被告账户。

原告作为被告的隐名股东，自被告设立后便始终深度参与公司经营管理的核心环节，全面行使股东的决策权、知情权与监督权，张文斌作为股东之一，以及原告所持部分股权的的显名登记人，就被告公司各类经营事宜均持续向原告汇报进展、征求意见，并严格按照原告的决策与指导落地执行，包括：

(1)    原告主导被告公司核心业务战略制定，牵头确定公司的业务布局、市场拓展方向等关键经营规划，张文斌仅负责具体执行；

(2)    针对公司股权结构变更、境外投资资金运作、新公司设立及业务转移等重大事项，原告为最终决策主体，张文斌需向其同步进展并经其认可后方可推进；

(3)    原告依法行使股东财务监督权，定期接收被告核心内部财务数据，对被告资金使用、财务收支等事项享有质询与审核权，张文斌需按其要求对相关财务问题作出合理解释并调整方案；

(4)    被告重要外部合作项目的洽谈、报价策略制定，以及税务风险等重大经营危机的应对，均由原告主导决策，张文斌按原告制定的方案落实执

行，以此保障公司经营稳定。

此外，双方也按照关于前述利润分配的安排从被告处领取薪酬及利润。

自 2025 年起，原告因陆续发现张文斌在经营被告的过程中存在损害公司利益、非法经营等情况，于是向张文斌要求归还其代持的被告的 50%的股权。张文斌不仅拒绝原告这一要求，关闭原本已向原告配偶及其财务人员开放的系统权限，更在 2025 年 10 月 15 日将其持有的被告的全部股权转让给其配偶，即第三人一赵春轶，严重侵害了原告的权益。

综上所述，原告作为被告的实际出资人，已依约履行出资义务，且长期实际行使股东权利，其股东身份的合法性具有充分的事实与法律依据。张文斌与赵春轶的前述行为，以及被告目前的工商登记状态，均与客观的股权归属事实不符。为维护原告的合法民事权益，现依据《中华人民共和国民法典》《中华人民共和国公司法》及相关司法解释的规定，特向贵院提起诉讼，请求贵院依法查明案件事实，支持原告的全部诉讼请求。

此致

江苏省徐州市贾汪区人民法院


具状人：**TAO LIN**

签字：　林涛

二〇二六年四月　一 日