# Exhibit A-2

**CIVIL COMPLAINT**

**Plaintiff:** Tao Lin
Passport No.: [REDACTED]
Address: [REDACTED]

Plaintiff's Authorized Litigation Representatives: Lin Zhong and Chen Siyang, attorneys at Shanghai Ling De Law Firm
Contact Phone: 180 5930 3009 (Attorney Chen Siyang); 138 1862 8370 (Attorney Lin Zhong)
Contact Address: Suite1104, 11th Floor, Building B, Jing'an International Center, No. 88 Puji Road, Jing'an District, Shanghai

**Defendant: Xuzhou Laiyi Precision Machinery Co., Ltd.**
Unified Social Credit Code: [REDACTED]
Address: [REDACTED]
Legal Representative: Zhao Xueliang

**Third Party One: Chunyi Zhao**
ID Card No.: [REDACTED]
Address: [REDACTED]
Contact Phone: [REDACTED]

**Third Party Two: Wenbin Zhang**
ID Card No.: [REDACTED]
Address: [REDACTED]
Contact Phone: [REDACTED]

**Cause of Action:** Dispute over Confirmation of Shareholder Status

**Claims:**

1. Order the court to confirm that the Plaintiff is a lawful shareholder of Xuzhou Laiyi Precision Machinery Co., Ltd., lawfully holding 50% equity interest in the company;

2. Order Xuzhou Laiyi Precision Machinery Co., Ltd. to process the change of registration of the Plaintiff's shareholder status - at local Department of Administration for Market Regulation, amend its shareholder register, and issue a capital contribution certificate to the Plaintiff;

3. Order the Defendant to bear all litigation costs in this case.

**Facts and Reasons:**

In 2011, the Plaintiff and Wenbin Zhang planned to jointly establish a limited liability company engaged in the processing and sale of mechanical equipment. After negotiation, the two parties decided that the Plaintiff would contribute RMB 1.75 million and Wenbin Zhang would contribute RMB 250,000, for a total of RMB 2 million, to establish Xuzhou Laiyi Precision Machinery Co., Ltd. (i.e., the Defendant). Considering that the Plaintiff was still employed at another organization at the time and that his workplace was primarily located abroad, and it was anticipated that Wenbin Zhang would devote more time to the Defendant's domestic business operations, the Plaintiff and Wenbin Zhang agreed that the two parties would each hold 50% of the Defendant's equity. At the same time, considering that the Plaintiff had not yet left his position at the time, both parties agreed that the Plaintiff would act as a silent (undisclosed) shareholder of the Defendant, with the Plaintiff's 50% equity interest held on his behalf by Wenbin Zhang. Furthermore, in order to achieve the objective of both parties receiving proportional (50%) shareholding and dividends, the two parties further agreed that the total amount of salary, wages, and profit distributions paid or allocated by the Defendant to Wenbin Zhang should be consistent with the total amount of wages and salary the Plaintiff received through external employment at that time and profit distributions received from the Defendant.

On July 29, 2011, the Plaintiff transferred RMB 1.75 million from his China Construction Bank account (transaction card number: [REDACTED]) to Wenbin Zhang's bank account (transaction card number: [REDACTED]), thereby fulfilling his actual capital contribution obligation to the Defendant.

On September 6, 2011, the Defendant was formally established, with Wenbin Zhang registered as its sole shareholder at the time of incorporation. On October 8, 2011, Wenbin Zhang paid in RMB 2 million as the full capital contribution to the Defendant's account.

As a silent shareholder of the Defendant, the Plaintiff has been deeply involved in the core aspects of the company's business management since its establishment, fully exercising shareholder rights of decision-making, the right to know, and supervisory authority. Wenbin Zhang, as one of the shareholders and the nominee registrant of the Plaintiff's partial equity, has continuously reported to the Plaintiff on the progress of all types of the Defendant's business matters, sought the Plaintiff's opinions, and strictly followed the Plaintiff's decisions and guidance in their implementation, including:

(1) The Plaintiff led the formulation of the Defendant's core business strategy, taking the lead in determining the company's business layout, market expansion direction, and other key business plans, with Wenbin Zhang solely responsible for specific execution;

(2) Regarding major matters such as changes to the company's equity structure, overseas investment and capital operations, establishment of new companies, and business transfers, the Plaintiff served as the ultimate decision-making authority, and Wenbin Zhang was required to report to the Plaintiff concurrently and could only proceed after obtaining the Plaintiff's approval;

(3) The Plaintiff lawfully exercised shareholder financial oversight rights, regularly receiving the Defendant's core internal financial data, and had the right to inquire into

and audit the Defendant's use of funds, financial receipts and disbursements, and other matters. Wenbin Zhang was required to provide reasonable explanations and adjust plans in response to relevant financial inquiries;

(4) Negotiations for the Defendant's major external cooperation projects, formulation of pricing strategies, as well as responses to significant business risks such as tax risks and operational crises, were all led by the Plaintiff's decision-making, with Wenbin Zhang implementing plans formulated by the Plaintiff, thereby ensuring the stability of the company's operations.

In addition, both parties also received salary and profit distributions from the Defendant in accordance with the aforementioned profit distribution arrangements.

Beginning in 2025, the Plaintiff successively discovered that Wenbin Zhang had been engaging in conduct harmful to the company's interests and illegal business operations in the course of managing the Defendant. The Plaintiff therefore requested that Wenbin Zhang return the 50% equity interest in the Defendant that Wenbin Zhang had been holding on the Plaintiff's behalf. Wenbin Zhang not only refused this request but also shut down system access that had previously been available to the Plaintiff's spouse and the Plaintiff's financial personnel. Moreover, on October 15, 2025, Wenbin Zhang transferred all of his equity in the Defendant to his spouse—namely, Third Party One, Chunyi Zhao—thereby seriously harming the Plaintiff's rights and interests.

In summary, the Plaintiff, as the actual capital contributor to the Defendant, has fulfilled his capital contribution obligations in accordance with the agreement and has long exercised de facto shareholder rights. The legitimacy of his shareholder status is supported by sufficient facts and legal basis. The aforementioned actions of Wenbin Zhang and Chunyi Zhao, as well as the Defendant's current business registration status, are all inconsistent with the objective facts of equity ownership. In order to protect the Plaintiff's legitimate civil rights and interests, this lawsuit is hereby filed with this Honorable Court pursuant to the Civil Code of the People's Republic of China, the Company Law of the People's Republic of China, and relevant judicial interpretations. The Plaintiff respectfully requests that this Honorable Court investigate and ascertain the facts of the case in accordance with the law and grant all of the Plaintiff's litigation claims.

Respectfully submitted to:

The People's Court of Jiawang District, Xuzhou City, Jiangsu Province

Petitioner: TAO LIN

Signed: [Original signature]

April 1, 2026