# Exhibit I

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

|  |  |
|---|---|
| Huiqun "Jenny" Lin Sun (a.k.a. Huiqun Zhang) and Texas Undercarriage Corp., | |
| *Plaintiffs,* | Case No. 6:25-cv-76 |
| v. | |
| Chunyi Zhao, | **Plaintiff Sun's Objections and Responses to Defendant Zhao's First Expedited Interrogatories and Requests for Production** |
| *Defendant.* | |

Plaintiff Huiqun "Jenny" Lin Sun a/k/a Huiqun Zhang ("Sun"), by and through her undersigned counsel, and pursuant to Federal Rules of Civil Procedure, hereby submits the following responses and objections to Defendant Chunyi Zhao's ("Zhao") First Set of Expedited Interrogatories and Requests for Production (collectively, the "Requests").

Respectfully submitted,

**FOSTER YARBOROUGH
KILLINGSWORTH PLLC**

*s/ Patrick Yarborough*
PATRICK YARBOROUGH
Texas Bar No. 24084129
patrick@fosteryarborough.com

LUKE OTT
Texas Bar No. 24116864
luke@fosteryarborough.com

440 Louisiana Street, Suite 1800
Houston, Texas 77002
T: (713) 331-5254
F: (713) 513-5202

***Counsel for Plaintiff,***

HUIQUN "JENNY" LIN SUN
(a.k.a. HUIQUN ZHANG) AND

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was electronically served on all counsel of record in accordance with all applicable rules.

*s/ Patrick Yarborough*
PATRICK YARBOROUGH

## GENERAL OBJECTIONS

The following General Objections apply to each and every Request and are incorporated by reference into each individual response as if fully set forth therein, whether or not separately restated.

1. Sun objects to each Request to the extent it seeks information protected by the attorney–client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Any inadvertent disclosure of privileged or protected information shall not constitute a waiver of any applicable privilege or protection.

2. Sun objects to each Request to the extent it is overbroad, unduly burdensome, or not proportional to the needs of the case, considering the importance of the issues at stake, the parties' relative access to relevant information, and the burden and expense of the proposed discovery weighed against its likely benefit.

3. Sun objects to each Request to the extent it seeks information that is not relevant to any party's claim or defense in this action.

4. Sun objects to each Request to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any applicable order.

5. Sun objects to the definitions and instructions accompanying the Requests to the extent they purport to expand the scope of permissible discovery beyond that authorized by law.

6. Sun's responses are based on information reasonably available to her at this time. Discovery and investigation are ongoing, and Sun reserves the right to supplement or amend these responses as additional information becomes available.

7. Sun's agreement to produce documents or information in response to any Request shall not be construed as an admission that responsive documents or information exist, that Sun has custody or control of any particular document, or that any document or information is relevant or admissible.

Subject to and without waiving the foregoing General Objections, Sun responds to each Request as follows:

### PLAINTIFF SUN'S OBJECTIONS AND RESPONSES TO
### DEFENDANT ZHAO'S FIRST SET OF EXPEDITED INTERROGATORIES

<u>Interrogatory No. 1</u>

Describe in detail all facts supporting Sun's contention that title to the 510 Class A voting shares and 35 Class B non-voting shares of TUC vested in Sun upon execution of the May 14, 2024 Stock Purchase Agreements and Bills of Sale, including all facts concerning compliance with any transfer requirements in TUC's bylaws or other governing documents.

**Objection:** Sun objects to this Interrogatory to the extent it would require her to marshal all evidence supporting an essential claim in advance of trial. Sun further objects that the ultimate question—whether title vested upon execution of the Transaction Documents—is a legal conclusion about the effect of undisputed instruments, not a factual contention requiring narrative elaboration. Sun further objects to the phrase "transfer requirements in TUC's bylaws or other governing documents" as embedding a false legal premise. TUC's bylaws impose no conditions precedent to the vesting of title in a transferee as between the parties to a conveyance. To the extent this Interrogatory implies otherwise, Sun objects that it assumes a legal proposition Sun expressly disputes.

**Response:** Subject to and without waiving the foregoing objections, Sun identifies the 2024 Class A SPA, the 2024 Class A BOS, the 2024 Class B SPA, and the 2024 Class B BOS, including the language of those documents and the valid signatures of Sun and Zhao, as conclusive and exhaustive evidence that title to 510 Class A voting shares and 35 Class B non-voting shares of TUC vested in Sun upon their execution. SUN001229–32. Sun further refers to TUC's Share Transfer Ledger, which records a transfer of 510 Class A shares from Zhao to Sun on May 14, 2024. SUN001196–98.

<u>Interrogatory No. 2</u>

Identify and describe all oral agreements, understandings, communications, or course-of-dealing facts on which Sun rely to contend that Sun's payment the 510 Class A voting shares and 35 Class B non-voting shares of TUC under the May 14, 2024 Stock Purchase Agreements was timely, permissible, and effective after May 14, 2024, notwithstanding Zhao's November 4, 2025, termination letter.

**Objection:** Sun objects to this Interrogatory to the extent it presumes that Zhao's November 4, 2025, letter was an effective termination of the 2024 SPAs or that the timing of Sun's payment is legally relevant to the question of title. Title vested upon execution of the SPAs and Bills of Sale by operation of their express conveyance

language. Sun's payment obligation was a covenant whose breach would rise to a damages remedy, not a condition precedent to the effectiveness of that conveyance. Sun further objects to this Interrogatory as premature and unduly burdensome to the extent it calls for identification of all responsive prior transactions or business dealings between the parties, which Sun reserves the right to further identify as discovery proceeds.

**Response:** Subject to and without waiving the foregoing objections, Sun responds as follows.

As an initial matter, the timeliness of Sun's payments is legally irrelevant to the question of who owns the TUC shares at issue. Sun provides the following response solely in the alternative and without conceding that the timing of payment has any bearing on the effectiveness of the conveyances.

The parties and their respective husbands have known one another for over two decades and have engaged in a variety of business transactions and ventures together in the context of a relationship that was simultaneously personal, friendly, and professional. The norms of that relationship bear directly on what both parties understood to be acceptable timing for performance of obligations arising between them.

Most significantly, Zhao never made any demand for payment—formal or informal, written or oral—between the execution of the 2024 SPAs and Bills of Sale on May 14, 2024, and around the time of her November 4, 2025 letter. The absence of any demand during that period is itself a course-of-dealing fact establishing that Zhao did not regard prompt or contemporaneous payment as a material term of these agreements. A party who believes she is owed money and that a material breach has occurred says so. Zhao said nothing for approximately eighteen months while continuing to exchange business-related and personal messages and even visiting Sun's home during a vacation. *See* SUN000824–890.

Consistent with having transferred her shares and relinquished her ownership, Zhao also did not exercise any rights as a TUC shareholder during that same period.

When the parties' relationship did deteriorate, it was not because of any dispute over the timing of Sun's payment under the 2024 SPAs. The payment issue was not raised until Zhao's November 4, 2025, letter, and its emergence at that time reflected the breakdown of the broader relationship and was offered as a pretext in Zhao's legally ineffective attempt to claw back a completed stock transfer that she had come to regret.

<u>Interrogatory No. 3</u>

Describe in detail every action taken by Sun, Tao Lin, or anyone acting on Sun's behalf from May 14, 2024, to the present to exercise or assert control over TUC. To avoid confusion or any objection regarding vagueness or ambiguity, this Interrogatory seeks information related to the following actions:

(a)     remove or replace directors or officers;

(b)     appoint directors or officers;

(c)     retention of attorneys;

(d)     change bank-account signatories or online access;

(e)     obtain possession of corporate books and records;

(f)     direct TUC's operations, assets, or expenditures; and

(g)     communicate with any bank, accountant, bookkeeper, customer, vendor, registered agent, or governmental authority regarding TUC's control, ownership, or governance.

**Objection**: Sun objects to Subpart (c) to the extent it calls for material and information protected by the attorney-client privilege. Sun further objects to Subparts (f) and (g) as overbroad and disproportionate to the needs of these proceedings, as each would encompass virtually the entirety of TUC' business operations and external communications over an eighteen-month period. Subject to and without waiving these objections, Sun will respond to Subparts (a), (b), (d), and (e) by identifying the material governance actions taken in her capacity as TUC' sole shareholder and owner, and will respond to Subparts (f) and (g) only to the extent they concern the ownership and governance dispute at issue in this litigation. Because this Interrogatory is unduly burdensome, Sun does not undertake to detail "ever action taken" to exercise or assert control over TUC during the described timeframe; instead, she will provide a non-exhaustive list of key examples of her exercise of control over TUC.

**Response**: Subject to and without waiving the forgoing objections, Sun responds as follows.

Sun, acting as the sole shareholder in TUC, executed and effected a Unanimous Written Consent of the Shareholders on December 18, 2025, which removed Defendant Zhao and Wenbin Zhang from their TUC director roles. SUN001268–70. Later that day, Sun, along with Tao Lin, executed a Unanimous

Written Consent of the Directors to remove Defendant Zhao and Wenbin Zhang from any officer roles they may still have retained at that time. *Id.*

Sun, acting as the sole shareholder in TUC, hired the law firm of FOSTER YARBOROUGH KILLINGSWORTH PLLC (then known as "FOSTER YARBOROUGH PLLC") to represent TUC in the instant matter in December 2025. In April 2025, Sun, acting as the sole shareholder in TUC, authorized for FOSTER YARBOROUGH KILLINGSWORTH PLLC to move to withdraw as counsel for TUC in the instant case and retained THE COBOS LAW FIRM to represent TUC in the instant matter in its stead.

From the inception of TUC to the present, Sun has had authorized access to TUC's bank accounts. Tao Lin was first authorized to access TUC's bank accounts pursuant to a June 8, 2025, Unanimous Written Consent of the Shareholders. SUN001267.

During the time at issue, Sun has retained access to TUC's books and records and directed all TUC operations, assets, and expenditures.

**PLAINTIFF SUN'S OBJECTIONS AND RESPONSES TO
DEFENDANT ZHAO'S FIRST SET OF REQUESTS FOR PRODUCTION**

<u>Request for Production No. 1</u>

From May 1, 2024, to the present, produce all documents and communications exchanged by and/or between Sun, Tao Lin, Zhao, and/or Wenbin Zhang relating in any way to TUC.  For the avoidance of confusion or any objections to vagueness or ambiguity, this Request includes communication between the aforementioned persons related to the following:

     (a)     corporate governance of TUC;

     (b)     the assets (tangible and intangible) of TUC;

     (c)     the operations of TUC;

     (d)     requests to inspect the books and records of TUC;

     (e)     the negotiation, execution, performance, payment terms, interpretation, alleged breach, or alleged termination of the May 14, 2024 Stock Purchase Agreements and Bills of Sale, including any communications concerning when payment was due or whether late payment would be accepted.

     **Objection:** Sun objects to this Request because it would invade her confidential communications privilege to the extent it covers her private conversations with Tao Lin. FED. R. EVID. 501 ("in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision "); TEX. R. EVID. 504(a)(2) ("A person has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made to the person's spouse while they were married.").

     **Response:** Subject to and without waiving the foregoing, Sun will produce responsive documents and refers to those labeled SUN000334 to SUN001183.

<u>Request for Production No. 2</u>

Produce all documents Relating to Sun's alleged payment or tender for the shares, including wire instructions, wire confirmations, bank records, communications concerning tender, and any documents reflecting Plaintiffs' position that the November 17, 2025 and December 15, 2025 payments were timely, effective, and/or sufficient to transfer ownership.

**Objection:** Sun objects to this Request because it would invade her confidential communications privilege to the extent it covers her private conversations with Tao Lin. FED. R. EVID. 501 (". . . in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision "); TEX. R. EVID. 504(a)(2) ("A person has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made to the person's spouse while they were married."). Sun further objects to this Request to the extent it would invade her attorney-client privilege. TEX. R. EVID. 503.

**Response:** Subject to and without waiving the foregoing, Sun will produce responsive documents and refers to those labeled SUN001286 to SUN001290.

## Request for Production No. 3

From May 1, 2024, to the present, produce all documents and communications between Sun, Tao Lin, and/or any other representative of Sun or Tao Lin (including by not limited to a related person or entity) and any individual or third party (excluding legal counsel) regarding any of the following:

(a) the corporate governance of TUC;

(b) the operations of TUC;

(c) the assets (tangible and intangible) of TUC; and/or

(d) the financials of TUC.

**Objection:** Sun objects to this Request because it would invade her confidential communications privilege to the extent it covers her private conversations with Tao Lin. FED. R. EVID. 501 ("in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision "); TEX. R. EVID. 504(a)(2) ("A person has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made to the person's spouse while they were married.").

**Response:** Subject to and without waiving the foregoing, Sun will produce responsive documents and refers to those labeled SUN000334 to SUN001183 and SUN001184 to SUN001285

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

Huiqun "Jenny" Lin Sun
(a.k.a. Huiqun Zhang) and
Texas Undercarriage Corp.,

        *Plaintiffs,*

   v.

Chunyi Zhao,

        *Defendant.*

Case No. 6:25-cv-76

**Sun's Verification of Answers to Defendant Zhao's First Expedited Interrogatories and Requests for Production**

I, Huiqun "Jenny" Lin Sun (a.k.a. Huiqun Zhang), declare that I am a party in the above-captioned matter, I have read the Answers to Defendant Chunyi Zhao's First Expedited Interrogatories, and the facts stated in these answers are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 17, 2026.

Signed by:

*Huiqun Lin Sun*
517594616833/D5...

HUIQUN "JENNY" LIN SUN

(A.K.A. HUIQUN ZHANG)